## THE BOSTON.

(District Court, E. D. New York. February 21, 1921.)

1. **Maritime liens ⊜⇒16—Libel for state lien must show vessel was not foreign.**

     A libel to enforce against a vessel the lien given by the New York Lien Law, for advances for insurance, must show that, when the debt was contracted, the vessel was a domestic vessel, since a state cannot create liens against foreign vessels.

2. **Maritime liens ⊜⇒64—Libel must plead compliance with requirements as to notice.**

     A libel to enforce a lien given by a state statute against a vessel must plead everything that libelant must prove, and therefore must allege compliance with the statutory requirements as to filing of notice of lien, which is a necessary part of the proof.

3. **Maritime liens ⊜⇒34—State lien ceases after 12 months.**

     Lien Law, N. Y. § 83, providing that every lien for a debt shall cease in a case of vessels not navigating the Lakes at the expiration of 12 months after it was contracted, clearly shows that there can be no lien after the expiration of that period, so that a libel to enforce such lien, which shows that more than 12 months had expired since the debt was contracted, must be dismissed.

In Admiralty. Libel by Frank B. Hall & Co., Incorporated, against the dredge Boston for advances for insurance. On exceptions by interveners to the amended libel. Exceptions sustained, and libel dismissed.

Delancey Nicoll, of New York City, for the motion.
Alexander & Ash, of New York City, opposed.

GARVIN, District Judge. [1] Interveners have filed exceptions to amended libel, which is based upon a claim for advances made by libelant to the dredge Boston for insurance on that vessel. The second exception is based upon the proposition that the lien claimed in the libel which is asserted under chapter 38, Laws of New York 1909 (Lien

Law [Consol. Laws, c. 33]), may be enforced in admiralty only upon domestic vessels, and that it does not appear upon the face of the libel that when the debt was contracted the dredge was a domestic vessel. This exception is well taken and must be sustained. A state cannot by law create liens against foreign vessels. The Roanoke, 189 U. S. 185, 23 Sup. Ct. 491, 47 L. Ed. 770.

[2] The third exception is upon the failure to allege in the libel the statutory requirements respecting the filing of notice of lien. The libelant must plead everything that he must prove. That notice of lien was filed is a necessary part of the proof. The Athinai (D. C.) 230 Fed. 1017. This exception is sustained.

[3] The fourth exception is that it appears from the libel that when the libel was filed the debt sued upon had ceased to be a lien under the Laws of New York, because more than 12 months had expired since the debt was contracted. Section 83 of the New York Lien Law reads as follows:

"Every lien for a debt shall cease if the vessel navigates the western or northwestern lakes, or either of them, or the St. Lawrence river, at the expiration of six months after the 1st of January next succeeding the time when the debt was contracted, and in case of any other vessel, at the expiration of twelve months after the debt was contracted. If, upon the expiration of the time herein limited in either of such cases, such vessel shall be absent from the port at which the debt was contracted, the lien shall continue until the expiration of thirty days after the return of such vessel to such port. If proceedings are instituted for the enforcement of the lien within the time herein limited, such lien shall continue until the termination of such proceedings."

It clearly appears, I think, that there can be no lien after the expiration of 12 months, and the exception is therefore sustained. If the foregoing conclusions are correct, it is unnecessary to consider the first exception.

The libel is dismissed.